SEAL, et al. *v.* CITY OF TUPELO, et al.

No. 40921          October 6, 1958          105 So. 2d 457

*Adams, Long & Adams, Wm. S. Lawson,* Tupelo, for appellants.

*John E. Stone,* Jackson; *Lumpkin & Holland, C. R. Bolton,* Tupelo, for appellees.

ARRINGTON, J.

H. G. Seal, Jr. and five other businessmen and citizens of Tupelo, filed bill in the Chancery Court of Lee County against the State Tax Commission and the Mayor and Board of Aldermen of the City of Tupelo, seeking to enjoin them from collecting city sales tax on the grounds that the resolution of intention and the ordinance levying the tax were void. From a final decree denying the relief prayed for and dismissing the bill of complaint, the appellants appeal.

On June 4, 1957, the Mayor and Board of Aldermen of the City of Tupelo, acting under the authority of Chapter 114, Laws of the Extraordinary Session of 1955 (Sec. 10111.5, Vol. 7A, Recompiled Supplement, Code of 1942), adopted a resolution declaring its intention to levy a city sales tax. The title to said Chapter 114 reads as follows:

"AN ACT to amend Chapter 516, Laws of 1950, as amended by Chapter 367, Laws of 1952, and Chapter 345, Laws of 1954, being Section 10111.5, Mississippi Code of 1942, to authorize the governing authorities of a municipality to impose a city sales tax under certain circumstances without the necessity of holding an election, to

provide for terminating the tax, and to further clarify the act.''

The Act reads in part as follows:

''Section 1. (a)   This act may be cited as the City Sales Tax Law.

''(b) * * * * * (Method for imposition of the tax)

''(c) The mayor and board of aldermen or other governing authority of any municipality desiring to avail itself of the provisions of this statute shall adopt an ordinance or resolution declaring its intention to have the said additional levies made for the benefit of such municipality, effective on and after a date fixed in the ordinance or resolution, which must be the first day of the month.

''Such resolution shall be published once a week for at least three (3) consecutive weeks in at least one newspaper published in such municipality and having a general circulation therein.  The first publication of such notice shall be made not less than twenty-one (21) days prior to the date fixed in such resolution, and the last publication shall be made not more than seven (7) days prior to such date.  In addition, there shall be posted a copy of such resolution for at least twenty-one (21) days next preceding the date fixed therein, at three (3) public places in such municipality. * * * * *

''If not less than twenty per cent (20%) of the qualified electors of such municipality shall file with the clerk of the municipality, before the date specified in the resolution, a petition requesting an election on the question of the levy of such tax, then and in that event such tax levy shall not be made unless authorized by a majority of the votes cast at an election to be called and held for that purpose. * * * * *

''(d) When the governing authorities of a municipality have proceeded as stipulated in the foregoing paragraph and such tax having been validly levied, they shall

so certify to the Chairman of the State Tax Commission, whereupon the Tax Commission shall collect from all persons engaging within such municipality in the businesses taxed by said Sections 2-c, 2-d and 2-f (Secs. 10108, 10109, 10111) of the sales tax law, as amended, and in addition to the usual amount of taxes collected under said Sections for the state, a one-half of one percent (½ of 1%) tax on retail sales for the benefit of such municipality, to be paid to such municipality as hereinafter provided. The full provisions of the sales tax law shall apply as to the collection and payment of this city sales tax.''

The record shows and it is admitted that the resolution was adopted and duly published three times—June 6, 13, and 20, 1957, and duly posted according to Section (c) quoted above. Also, it gave notice as to the filing of a petition containing not less than twenty percent (20%) of the qualified electors to be filed before the date set in the resolution, which was June 27, 1957, requesting an election. It is also admitted that the petitions filed requesting an election contained less than twenty percent (20%) of the qualified electors of the City of Tupelo; that an ordinance was enacted levying the tax on June 28, 1957, and published one time, on June 29, 1957; that the ordinance became effective on and after the first day of July, 1957.

The appellants argue that the court erred in holding that the resolution of intent and the ordinance levying the tax were valid. The appellants contend that the procedures of the mayor and board did not conform to the requirements of the act; that the resolution of intent did not set up a date for the tax to go into effect and fix the date required by the statute; that the board set an arbitrary date for petitions requesting an election to be filed when the statute prescribes that such date must be the first of a month; that the publication of the resolution of intent and the ordinance levying the tax

were not published according to the requirements of the Act.

The appellants' argument is based on a construction of Section 1(c) of the Act, which provides: " * * * effective on and after a date fixed in the ordinance or resolution, which must be the first day of a month." The appellants argue that the board, in fixing the 27th day of June for petitions to be filed requesting an election, did not comply with the Act and that the Act required the first day of a month in which the levy of the tax would be made to be in the resolution. We do not agree with this construction. The language plainly says that the levies shall be made effective on and after a date fixed in the ordinance or resolution, the date fixed in the resolution was June 27, and the effective date of the levy was on the first day of a month. The title to the Act clearly reveals the purpose and intent was to provide that a municipality could impose a city sales tax under certain conditions without the necessity of holding an election.

We have carefully examined the Act and we are of the opinion that the mayor and board made a substantial compliance with the Act, if not a literal one. True, the Act says that the effective date of the levy must be the first day of a month. We do not think this affects the validity of the ordinance as to the imposition of the tax. The chancellor found that proper notice was given of the intention of the City to levy the tax. In view of our conclusion that the ordinance is valid, we do not reach the other questions. It follows that the judgment appealed from is affirmed.

Affirmed.

*Roberds,* P. J., and *Hall, Ethridge* and *Gillespie,* JJ., concur.